UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT MORGAN,           : | |
|     Plaintiff,        : | |
|                     : | No. 3:11-cv-807-WWE |
| v.                              : | |
|                     : | |
| NEW HAVEN HOUSING AUTHORITY,  : | |
| DEPARTMENT OF HOUSING AND      : | |
| URBAN DEVELOPMENT, WEST       : | |
| HAVEN HOUSING AUTHORITY, AND  : | |
| HAMDEN HOUSING AUTHORITY,    : | |
|     Defendants. | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

In this action, Plaintiff has filed a complaint alleging that he has been denied subsidized housing in violation of the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA"). Three of the four defendants (all but West Haven Housing Authority) have moved pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss this suit for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

For the following reasons, the Defendants' motions will be granted in part, denied in part and found moot in part.

**BACKGROUND**

The parties have submitted statements of facts with accompanying exhibits that reveal the following factual background. For purposes of ruling on a motion to dismiss, the Court accepts all allegations of the complaint as true.

Pro se plaintiff Robert Morgan filed this suit in the Superior Court in New Haven,

1

Connecticut, naming as defendants the New Haven Housing Authority ("NHHA"), the West Haven Housing Authority ("WHHA"), the Hamden Housing Authority ("HHA"), and the United States Department of Housing and Urban Development ("HUD").  On May 17, 2011, the case was removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

Plaintiff is a former tenant of NHHA.  In 2008, NHHA brought eviction proceedings against plaintiff.  Judgment was entered in favor of NHHA by the Connecticut Superior Court.

Plaintiff subsequently applied for low income housing with WHHA.  As part of its application process, WHHA solicited NHHA concerning plaintiff's previous tenancy.  NHHA informed WHHA that plaintiff had been evicted and owed money to NHHA.  Plaintiff disputes any debt to NHHA.

Plaintiff references the Americans with Disabilities Act and the Fair Housing Act in his complaint.  More specifically, plaintiff alleges that he is being unfairly denied subsidized housing.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  A plaintiff is obliged to amplify a claim with some factual

allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### I. HUD

As a federal agency, HUD is immune from lawsuit absent a waiver of sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature. Thus without Congress' express consent, this Court does not have subject matter jurisdiction over HUD. See U.S. v. Idaho ex rel. Director, Idaho Dept. of Water Resources, 508 U.S. 1, 113 (1993). Here, there has been no waiver of immunity and, therefore, defendant HUD's motion to dismiss for lack of subject matter jurisdiction will be granted.

Federal courts normally resolve questions of subject matter jurisdiction prior to reaching the merits of other possible grounds for dismissal. Cantor Fitzgerald, L.P, v. Peaslee, 88 F. 3d 152, 155 (2d Cir. 1996). As resolution of defendant HUD's motion can be reached solely on the motion pursuant to 12(b)(1), the 12(b)(6) portion of the motion is moot.

### II. HHA

Plaintiff's complaint makes no allegations against HHA. Accordingly, there is no independent basis for federal subject matter jurisdiction over HHA, whether federal question or diversity. See Jenkins v. Murphy, 356 Fed. Appx. 500, 500-501 (2d Cir. 2009). However, the doctrine of ancillary jurisdiction allows federal courts jurisdiction over matters that are incidental to other matters properly before them. U.S. v. Ghailani, 686 F. Supp. 2d 279, 286-287 (2009). Here, the suit is properly before this Court via HUD's removal action pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. Therefore, this Court will consider HHA's motion to dismiss for failure to state a claim upon which relief can be granted.

As plaintiff's complaint makes no reference to HHA whatsoever, HHA's motion to dismiss for failure to state a claim will be granted.

III. NHHA

Plaintiff's claims against NHHA are factually interdependent with those against HUD, and ancillary jurisdiction allows this Court to consider NHHA's 12(b)(6) motion. In his claims, Plaintiff requests "Rights for Subsidized Housing Restored with New Haven Housing Authority. . ." However, the Connecticut Superior Court entered judgment in favor of NHHA in September 2008, concerning Plaintiff's eviction by NHHA for nonpayment of rent. Thus, any claim involving the same claim or nucleus of operative facts would be precluded by the doctrine of res judicata. See Peia v. U.S., 152 F. Supp. 2d 226, 233 (D. Conn. 2001). "[W]hether the subsequent claim relates to the same cause of action is to be determined by the transactional test, which is measured by the group of facts which is claimed to have brought about an unlawful injury to the plaintiff, and which also states that even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." Isaac v. Truck Service, Inc., 253 Conn. 416, 421 (2000).

As plaintiff's complaint only references NHHA concerning their eviction dispute, the same occurrence upon which the Connecticut Superior Court previously adjudicated, plaintiff's claims are precluded. Therefore, NHHA's motion to dismiss for failure to state a claim upon which relief can be granted will be granted.

## CONCLUSION

For the reasons set forth above, the defendants' motions to dismiss are GRANTED in part, DENIED in part and are MOOT in part. HUD's motion to dismiss pursuant to 12(b)(1) is

GRANTED.  HUD's motion to dismiss pursuant to 12(b)(6) is MOOT.  HHA's motion to dismiss pursuant to 12(b)(1) is DENIED.  HHA's motion to dismiss pursuant to 12(b)(6) is GRANTED.  NHHA's motion to dismiss pursuant to 12(b)(1) is DENIED.  NHHA's motion to dismiss pursuant to 12(b)(6) is GRANTED.

DATED this 23RD day of September, 2011 at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE